UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONEY,<br>BOP No. 6832298<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. J. GWATHY; NOLTE RACHELLE, M.D.; WILLIAM LEWIS, II; MR. CHARLES SAMUELS, JR.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:18-cv-2786-WQH-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Stephen Toney, currently housed at the Metropolitan Correctional Center located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a). Plaintiff has filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

**I.　Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A plaintiff who is a prisoner at the time of filing and is granted leave to proceed IFP, remains obligated to pay the entire fee in "increments." *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015). This obligation remains regardless of whether the action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the Prison Litigation Reform Act, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. The institution having custody of the prisoner collects subsequent payments, assessed at 20 percent of the preceding month's income, for any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In this case, Plaintiff has not attached a certified copy of his trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. R. 3.2. Section 1915(a)(2) requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's current trust account statement reflecting the 6-month period immediately preceding the filing of this action, the Court cannot assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

**II.     Conclusion and Order**

IT IS HEREBY ORDERED that:

(1)     Plaintiff's Motion to Proceed IFP (Doc. No. 2) is DENIED and the action is DISMISSED without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2)     Plaintiff is GRANTED thirty (30) days from the date of this Order in which to reopen his case by either paying the entire $400 statutory and administrative filing fee, or filing a new Motion to Proceed IFP, which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. R. 3.2(b).

(3)     The Clerk of the Court is DIRECTED to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his trust account statement within 45 days, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

Dated: December 17, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court