UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONEY,<br>BOP No. 6832298,<br><br>                                Plaintiff,<br><br>                  vs.<br><br>DR. J. GWANTHNEY; DR. NOLTE ROCHELLE; LOUIS WILLIAMS; CHARLES SAMUELS, JR.;<br><br>                            Defendants. | Case No.: 3:18-cv-02786-WQH-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4]**<br><br>**2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 6]; and**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Stephen Toney ("Plaintiff"), currently detained at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claims that he has been denied adequate medical treatment by MCC medical personnel in violation of his constitutional rights.

1

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4), along with a Motion for Appointment of Counsel (ECF No. 6).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his MCC Inmate Trust Account Activity and an MCC certificate attesting as to his deposits and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 4 at 4-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had an average monthly deposit of $535 to his account, carried an approximate average monthly balance of $25.68, he had $9.75 available balance to his credit at the time of filing. *See* ECF No. 2 at 4.

Based on this accounting, the Court assesses an initial partial filing fee of $107.00 pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1), but notes Plaintiff may have insufficient funds with which to pay that initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4) and directs the Warden of MCC, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.  Motion to Appoint Counsel**

Plaintiff also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915 based on his indigence, history of mental health disorders, and "lack of education." (*See* ECF No. 6 at 5.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.

2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

This Court notes that while an incapacitating mental disability may warrant either the appointment of a guardian ad litem or the appointment of counsel in some cases, *see Meeks v. Nunez,* Civil Case No. 3:13-cv-00973-GPC-BGS, 2017 WL 476425 at *3-4 (S.D. Cal. Feb. 6, 2017) (citing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (applying Rule 17(c)); *McElroy v. Cox*, Civil Case No. 3:08-cv-01221-JM-AJB, 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) (applying 28 U.S.C. § 1915(e)(1)), some "nexus" must exist between the pro se litigant's mental disorder and his "ability to articulate his claims." *Meeks*, 2017 WL 476425 at *3; *McElroy*, 2009 WL 4895360 at *3.

Here, nothing in Plaintiff's Complaint suggests his mental health issues renders him incapable of articulating the factual basis for his inadequate medical care claims which are typical conditions of confinement claims and "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's Complaint under the standards of review discussed below, that he has pleaded sufficient factual content to state plausible claims for relief.

Moreover, at this preliminary stage of the proceedings, Plaintiff may have sufficiently *pleaded* claims for relief, but he has yet to demonstrate a likelihood of success on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797,

at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.")

Therefore, the Court finds no "exceptional circumstances" and DENIES Plaintiff's Motion to Appoint Counsel (ECF No. 6) without prejudice on that basis.

**III.   Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.   <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a

complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>42 U.S.C. § 1983 & *Bivens*</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

To the extent Plaintiff invokes federal jurisdiction in this matter pursuant to 42 U.S.C. § 1983, *see* Compl., ECF No. 1 at 1, he fails to state any claim upon which relief can be granted. Section 1983, "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). Thus, because Plaintiff seeks damages based on the allegedly unconstitutional actions of federal actors employed at the MCC, "the only possible action . . . is an action under the authority of *Bivens [v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971)]." *Id.*

Because Plaintiff is proceeding without counsel, however, the Court will liberally construe his factual allegations as though they were pleaded to seek relief pursuant to *Bivens*, rather than § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens'*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137, S. Ct. 1843, 1854 (2017)). First, the Court recognized a *Bivens* remedy in the context of a Fifth Amendment claim based on gender discrimination. *Id.* (citing *Davis v. Passman*, 442 U.S. 228 (1979)). Second, the Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24-25 (1980) (concluding that "[a] federal official contemplating

unconstitutional conduct [in the context of an Eighth Amendment] medical care [claim]… must be prepared to face the prospect of a *Bivens* action.")).[2]

The Court finds Plaintiff's Complaint contains factual allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it alleges inadequate medical care claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Orders

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 6).

2. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. **ORDERS** the Warden of MCC, or his designee, to collect from Plaintiff's trust account the $107 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

---

[2] The Court will presume at this preliminary stage of the case and for purposes of screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A *only*, that inadequate medical care claims arising before conviction, and therefore subject to the Fifth Amendment's Due Process Clause as opposed to the Eighth Amendment's Cruel and Unusual Punishments Clause, are not "different in a meaningful way" from those found sufficient to justify a *Bivens* remedy as recognized by the Supreme Court in *Carlson*. *See Abassi*, 137 S. Ct. at 1864; *Vega*, 881 F.3d at 1153.

8

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Metropolitan Correction Center, 808 Union Street, San Diego, California 92101

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the

manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: February 22, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court