UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONEY,<br><br>                  Plaintiff,<br><br>v.<br><br>DR. J. GWATHNEY, M.D., et al.,,<br><br>                  Defendants. | Case No.: 18CV2786-WQH(KSC)<br><br>**REPORT & RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [DOC. NO. 19]** |

On May 28, 2019, plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order, which has since been supplemented with additional filings. [Doc. No. 19, 21 & 29.] Plaintiff contends defendants have denied him access to legal materials and personal property he needs to litigate his case. The Motion is opposed by defendants. [Doc. No. 33.] For the reasons outlined below, it is RECOMMENDED the Honorable William Q. Hayes DENY plaintiff's Motion.

## **DISCUSSION**

Plaintiff reports that on April 9, 2019, he broke his foot while serving as an inmate at the Metropolitan Correctional Center, San Diego (MCC). [Doc. No. 21 at 1.] He was transferred to a hospital where he underwent surgery on his foot. [*Id.*] After he was discharged from the hospital on April 13, 2019, he was sent to the Western Regional

Detention Facility (GEO) rather than being returned to the MCC, where inmates must traverse a number of stairs within the housing unit. [*Id*. at 1-2; Doc. No. 19 at 2; Doc. No. 33, p.2, fn. 2.] Plaintiff now contends certain belongings he possessed at the MCC, including large envelopes, stamps, a pen, and his administrative remedy requests and responses, was not returned to him after his transfer out of MCC, and requests the Court order defendants to restore plaintiff's personal property to his possession. [Doc. No. 19 at 2.]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). "[A]n injunction will issue only if the wrongs are ongoing or likely to recur." *F.T.C. v. Evans Products Co*., 775 F.2d 1084, 1087 (9th Cir. 1985.) A preliminary injunction is an "extraordinary remedy that may be only awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. The "clear showing" requirement is particularly strong when a party seeks a temporary restraining order. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In addition, under the Prison Litigation Reform Act, preliminary injunctive relief against a prison system must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

Here, plaintiff has not demonstrated a likelihood of success on the merits of his preliminary injunction request, much less demonstrated the law and the facts clearly favor him. As explained in the Declaration of Ezequiel Echeveste, Case Management Coordinator for the Federal Bureau of Prisons, the procedures for the receipt, inventory, storage, and return of inmate personal property during the time plaintiff was housed at MCC allowed inmates to retain authorized personal belongings in a storage bin under their bunk beds, which can be secured with an approved combination lock. [Doc. No. 33-

1, ¶ 8.] All such personal property is inventoried on a BP-A0383, Inmate Personal Property Record Form, during an inmate's admission, transfer, placement in the SHU, and every other time the inmate's personal property is inventoried. [*Id*.] Inmates are informed of these procedures and given copies of their property form. [*Id*.] When these procedures are followed and an inmate is transferred, the property is taken to the Receiving and Discharge Office, re-inventoried, and sent to the new facility by UPS. [*Id*. ¶ 9.]

Mr. Echveste reports there is no BP-A0383 Inmate Personal Property Record Form for the time plaintiff was housed at the MCC. [*Id*. ¶¶ 3, 4, and 10.] The personal property plaintiff now requests the Court order defendants return to him was presumably left unsecured by plaintiff, and without informing a housing unit officer, medical staff, or Release and Discharge staff that he had any such property. [*Id*. ¶ 11.] As such, it could have been taken by other inmates or discarded by Bureau of Prison officials after plaintiff left MCC. [*Id*.] Thus, even if plaintiff could demonstrate he was in possession of the aforementioned personal belongings while he was at MCC, which he has not, any such property is no longer available to be sent to him, due to plaintiff's apparent failure to follow MCC regulations. Accordingly, plaintiff is unlikely to succeed on the merits of his claim that defendants should send him his property, and he has also not met his burden of establishing the balance of equities favors him. Furthermore, counsel for defendants has since provided plaintiff with copies of the administrative remedy documents and responses thereto that he seeks, and there is little risk of plaintiff suffering irreparable harm, let alone extreme or very serious damage from the loss of the other missing items, i.e. envelopes, stamps, and a pen. [Doc. No. 33, p. 2.]

## **CONCLUSION**

Having reviewed plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, the undersigned Magistrate Judge submits this Report and Recommendation to the Honorable William Q. Hayes pursuant to Title 28, United States

Code, Section 636(b)(1). For all of the reasons outlined above, IT IS HEREBY RECOMMENDED that the District Court issue an Order DENYING plaintiff's Motion.

IT IS HEREBY ORDERED that no later than **September 13, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **September 20, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 23, 2019

Hon. Karen S. Crawford
United States Magistrate Judge